UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STUART WINSOR,

      Plaintiff,

v.                                         Case No: 6:16-cv-2139-Orl-41TBS

THE HOME DEPOT U.S.A., INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for leave to appeal In Forma Pauperis. (Doc 19). Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### I. Background

On October 14, 2016, Plaintiff, proceeding *pro se,* filed a complaint in state court, alleging what appeared to be claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Doc. 2, at 8-13). The complaint was removed by Defendant (Doc. 1), and a motion to dismiss was filed (Doc. 3). Plaintiff did not file a response to the motion to dismiss and, on June 12, 2017, the Court granted the motion and dismissed Plaintiff's complaint, with prejudice (Doc. 16). On July 10, 2017, Plaintiff filed a "Petition for Permission to Appeal" (Doc. 17), a Notice of Appeal (Doc. 18) and the instant motion (Doc. 19), which is accompanied by his unsigned (typed name only) Affidavit (Doc. 19-1).

### II. Discussion

Title 28 of the United States Code, Section 1915 governs in forma pauperis

motions filed in federal court. The statute provides in part that:

> [A]ny court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or
> proceeding, civil or criminal, or appeal therein, without
> prepayment of fees or security therefor, by a person who
> submits an affidavit that includes a statement of all assets
> such [person] prisoner possesses that the person is unable to
> pay such fees or give security therefor. Such affidavit shall
> state the nature of the action, defense or appeal and affiant's
> belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

A litigant's ability to file an appeal without paying court fees is limited by the statutory provision which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). "Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8;09-cv-943-T-27EAJ, 2009 WL 3417866 *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). A frivolous case is one without arguable merit. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Id. (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849 *2 (M.D. Fla. Aug. 24, 2010).

Plaintiff seeks to appeal the Order dismissing this case for failure to timely file suit (Doc. 16). In his motion and Petition for Permission to Appeal (which raise identical arguments) Plaintiff contends that he is a person with disabilities and the Court's dismissal of his claim was based on a mere technicality. Although Plaintiff did not file a response to the motion to dismiss, he now claims that on February 22, 2017, he

responded to the motion "by submitting his Production of Documents," which included a copy of an EEOC Dismissal and delivery documents. Plaintiff now seeks to introduce evidence and argument on this issue, for the first time. Upon review, I do not find that an appeal on this issue is taken in good faith.

Producing documents to Defendant is not the equivalent of filing a response with the Court and Plaintiff failed to file a timely (or any) response to the motion to dismiss. Although Plaintiff acknowledges Local Rule 3.01(b)'s requirement that a party opposing a motion must *file* a response within 14 days, he argues that, due to his disabilities, it takes him four to five times longer to complete tasks than the average person, and he was unable to timely respond "due to difficulty getting a new lease for his residence and attempted eviction by the apartment management company." (Doc. 17 at 6). While not unsympathetic to these difficulties, I note that the motion to dismiss was pending for several months and during this time, Plaintiff did not file any response, any motion for an extension of time to respond, or any other paper bringing his difficulties to the Court's attention. Having filed the suit, Plaintiff was under an obligation to prosecute it. His failure to do so is not excused on this showing.

On the merits, I see no basis for a good faith appeal. As the Court noted in its dismissal Order, "[u]nder the ADA, a plaintiff must comply with the same procedural requirements to sue that exist under Title VII." Bryant v. U.S. Steel Corp., 428 F. App'x 895, 897 (11th Cir. 2011) (citing 42 U.S.C. § 12117(a)). In this case, this means "plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC." Id. (citing 42 U.S.C. § 2000e-5(f)(1)). "Dismissal is appropriate when the plaintiff fails to file [his] lawsuit within 90 days of receiving a right-to-sue letter, unless []he shows that the delay was through no fault of h[is] own." Id. "Once the defendant contests the issue, the plaintiff

bears the burden of establishing that []he filed h[is] claim within 90 days of receiving the notice." Id. As Plaintiff failed to present any argument contravening Defendant's showing that suit was not timely filed, the case was properly dismissed (Doc. 16). Plaintiff now argues that he did, in fact, file suit in a timely fashion, contending:

1. On July 5, 2016, the EEOC Dismissal and Notice of Rights were mailed via certified mail.

2. The United States Postal Service attempted delivery **on July 7, 2015**, but Mr. Winsor "was employed on that date, working a day shift schedule, and unavailable to sign for delivery of the Decision." Plaintiff claims that the USPS left a Delivery Notice in his mail box at the Colonial Village at Twin Lakes apartment complex and Plaintiff "signed the back of the Delivery Notice on July 08, 2016, requesting re-delivery to the apartment management staff, who are authorized to sign for delivery."

3. The USPS delivered the EEOC Dismissal and Notice of Rights to the Colonial Village apartment leasing office, as requested by Plaintiff, at 3:47 PM **on July 11, 2016.** (Doc. 19 at 3-4).

4. Plaintiff was at work at the time of delivery and not present or available to accept and sign for delivery. The USPS did not leave a notice of delivery in Plaintiff's mail box or on his residence door. Apartment management do not notify residents of package and letter deliveries. Plaintiff claims he only learned of the delivery of the EEOC Dismissal and Notice of Rights on July 16, 2016, when he went to the apartment leasing office for other reasons.

5. Plaintiff filed his complaint on October 13, 2016.[1]

---

[1] The District Judge cited to the state court docket, which reflects that Plaintiff filed his case on October 14, 2016 (Doc. 16 at 3, n. 4).

Assuming all of these facts to be true, it does not change the result. Plaintiff admits that delivery was first attempted on July 7th and was ultimately made to his authorized representative *pursuant to his express direction* on July 11, 2016. "Receipt is presumed when a complainant is unable to show that [his] failure to receive an RTS letter was in no way [his] fault." Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005) (affirming grant of summary judgment to employer and holding that claimants failed to assume the minimal responsibility or to put forth the minimal effort necessary to resolve their claims, and their failure to receive the letters was at least in part due to lack of diligence); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1338-1341 (11th Cir.1999) (suit dismissed as untimely where Postal Service made two attempts to deliver final EEOC decision and left notice of certified letter, where plaintiff picked up his EEOC decision six to sixteen days after the attempted delivery, and filed his suit ninety-eight days after the attempted delivery); Law v. Hercules, Inc., 713 F.2d 691, 693 (11th Cir.1983) (dismissing suit on timeliness grounds where plaintiff's 17 year-old son picked up EEOC letter at post office as directed by complainant's wife and left it on the kitchen table); Bell v. Eagle Motor Lines, 693 F.2d 1086, 1087 (11th Cir.1982) (suit filed March 20th deemed untimely where wife received letter on December 18th at residence while complainant was out of town so he did not actually receive it until December 26th). Even if the Court were to accept Plaintiff's representation that the case was filed on October 13, 2016, it is still untimely.

As the District Court has found Plaintiff's claims to be untimely and Plaintiff, in these papers, does not assert any new facts or law which are sufficient to alter that conclusion, I find that his appeal lacks any arguable merit and his motion should be denied.

### III. Recommendation

Now, I **RESPECTFULLY RECOMMEND** that the Court certify that Plaintiff's appeal is not taken in good faith and **DENY** his motion to proceed in forma pauperis (Doc.19).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 11, 2017.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

Presiding United States District Judge
Counsel of Record
Unrepresented Parties